In the Matter of the Petition of the ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK et al., for Amendment of the Rules of the Court of Appeals Relative to the Study of Law.

(Argued June 5, 1931; decided July 15, 1931.)

*John W. Davis, Henry W. Taft, Cornelius W. Wickersham, George A. Spiegelberg* and *Ignatius M. Wilkinson* for petitioners.

*George W. Matheson* and *Leonard Klaber* opposed.

*Per Curiam.* These petitions, submitted by the Association of the Bar of the City of New York and the New York County Lawyers' Association, have in view the amendment of the rules for admission to the bar by distinguishing between training in full-time and in part-time law schools, the proposal being that in the former the period of training shall continue to be three years, consisting of 96 weeks of at least ten hours each, and that

in the latter it be extended to four years, consisting of 128 weeks of at least eight. hours each.

A full-time law school is defined as one where the hours of attendance are so arranged that at least two-thirds of the weekly classroom time is scheduled after nine A. M. and before four P. M., and the part-time school is defined as any other.

Roughly speaking, the distinction corresponds to that between the day law schools on the one hand and the evening law schools on the other.

The proposed change, even if ultimately accepted in principle, must be at least postponed until a more satisfactory definition can be worked out whereby to distinguish between full-time and part-time courses.

A definition based upon a discrimination between evening courses and day courses is unjust to evening students, for the evidence is convincing that many day students are employed in gainful occupations during the night time and during free hours of the day, and that evening students do not fall behind others in their standing at the schools or in their ratings by the examiners for admission to the bar.

A rule extending the course to four years for students in all schools, day or evening, who are engaged for more than a prescribed number of hours a week in other occupations, would have the merit of equality, but would operate harshly on many young men unable to maintain themselves in law schools without gainful employment, and would not, so far as the court is advised, be satisfactory either to the petitioners or to the law schools of the State.

The court feels constrained at this time to deny the applications, but the interesting data submitted will be the subject of reflection, and with the co-operation of the bar and of the faculties of the law schools may lead to action in the future.

Application denied.